# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| INDEPENDENT TECHNOLOGIES, LLC d/b/a ANOVA,<br><br>  Plaintiff,<br><br>v.<br><br>OTODATA WIRELESS NETWORK, INC., STEVEN RECHENMACHER, and BRIAN RECHENMACHER,<br><br>  Defendants. | Case No.: 3:20-cv-00072-RCJ-CLB<br><br>**ORDER FOR ACCEPTANCE OF SERVICE AND BRIEFING SCHEDULE**<br><br>**FIRST REQUEST** |

Plaintiff Independent Technologies, LLC d/b/a Anova ("Plaintiff") and Defendants Otodata Wireless Network, Inc. ("Otodata"), Steven Rechenmacher, and Brian Rechenmacher (together with Steven Rechenmacher, the "Rechenmachers," and the Rechenmachers together with Otodata,

"Defendants"), by and through their undersigned counsel of record, hereby agree and stipulate as follows (the "Stipulation"):

1. Subject to Defendants' agreement to treat the Unredacted Exhibits, as defined below, as "Confidential" and/or "Highly Confidential – Outside Counsel's Eyes Only" (subject to the terms of a mutually agreed Protective Order to be filed with the Court) Plaintiff, through its undersigned counsel, shall provide Defendants with unredacted copies of Exhibits 10, 16, 17, 18, 20, 21, 23, and 24 (the "Unredacted Exhibits"), which were originally attached in redacted form to Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (the "Motion ") and filed with this Court on February 3, 2020, pursuant to Plaintiff's Motion for Leave to Seal Certain Exhibits Attached to Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion to Seal"), on February 17, 2020.

2. Service of the Unredacted Exhibits shall constitute service on Defendants of the unredacted Motion and the Motion to Seal.

3. Defendants shall have until and through February 24, 2020 to file and serve their responses to: (a) Plaintiff's Complaint, (b) Plaintiff's Motion, and (c) Plaintiff's Motion to Seal.

4. Plaintiff shall have until and through March 3, 2020 to file and serve its reply to Defendants' oppositions to the Motion and/or Motion to Seal.

5. Pending entry of the Protective Order referred to in paragraph 1 above, disclosures deemed confidential by a party must be produced with a confidential designation (e.g., "Confidential – Attorneys Eyes Only"), and the disclosure of the information will be limited to each party's outside attorney of record, including employees of outside attorney of record, and used only for litigation purposes.

6. Nothing in this Stipulation shall be construed as a waiver of rights or remedies belonging to any party hereto, or as an admission of wrongdoing.

7. This Stipulation is made for good cause and is not a made for the purpose of delay.

IT IS SO ORDERED this 19th day of February, 2020.

ROBERT C. JONES, Senior District Judge