**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INDEPENDENT TECHNOLOGIES, LLC, a Delaware Corporation, d/b/a ANOVA,<br><br>Plaintiff,<br><br>vs.<br><br>OTODATA WIRELESS NETWORK, INC., a Quebec, Canada Corporation, et al.,<br><br>Defendants. | Case No. 3:20-cv-00072-RJC-CLB<br><br>**ORDER** |

Within one week of this Court issuing a preliminary injunction, Defendants move to limit its scope under the guise of seeking clarification. However, Defendants have appealed the order divesting the Court of its jurisdiction; thus, the Court denies their motion.[1]

**FACTS AND PROCEDURAL HISTORY**

The Court adopts the substantive facts of this case from its Order granting the preliminary injunction, (ECF No. 86). After full briefing and a hearing, the Court issued an injunction preventing Defendants from soliciting a list of clients identified by Plaintiff with certain

---

[1] The parties also move to seal parts of their briefs and exhibits. Having already found the information they seek to seal to be trade secrets, the Court grants these motions. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

exceptions. (*Id.*) A week after the filing of this order, Defendants now move to limit the injunction with their filing styled as an "Emergency Motion to Clarify Scope of Preliminary Injunction." (ECF No. 92.) Defendants seek to substantially limit the scope of the preliminary injunction by eliminating thirty-one clients from the aforementioned list. On April 22, 2020, Defendants filed a notice of appeal seeking appellate review of the preliminary injunction. (ECF No. 107.)

## ANALYSIS

The Court cannot consider the merits of the motion as Defendants seek to "adjudicate substantial rights directly involved in the appeal." *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922). While a district court can issue an order to clarify or to supervise compliance with an injunction on appeal, the court may not substantially modify the injunction. *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002). Despite the motion's label, Defendants have not identified a single ambiguity in the Court's order—rather, Defendants seek to limit the scope of the injunction. Accordingly, the Court denies the motion for a lack of jurisdiction.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Emergency Motion for Clarification (ECF No. 90) is DENIED.

IT IS FURTHER ORDER that Defendants' Motion to Seal (ECF No. 91) is GRANTED.

IT IS FURTHER ORDER that Plaintiff's Motion to Seal (ECF No. 95) is GRANTED.

IT IS SO ORDERED.

Dated:  May 4, 2020.

_____
ROBERT C. JONES
United States District Judge