**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INDEPENDENT TECHNOLOGIES, LLC, a Delaware Corporation, d/b/a ANOVA,<br><br>    Plaintiff,<br><br>vs.<br><br>OTODATA WIRELESS NETWORK, INC., a Quebec, Canada Corporation, et al.,<br><br>    Defendants. | 3:20-cv-00072-RJC-CLB<br><br>**ORDER** |

Plaintiff seeks to compel Defendants to comply with an "emergency" request for production of documents pertaining to Plaintiff's allegation that Defendants solicited its client in violation of the Court's temporary restraining order and preliminary injunction.[1] Finding that Defendants must respond to the request (as Defendants concede) but not on the expedited timeframe that Plaintiff seeks, the Court grants in part and denies in part the motion.

///

///

---

[1] The parties also move to seal parts of their briefs and exhibits. Having already found the information they seek to seal to be trade secrets, the Court grants these motions. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

## DISCUSSION

The Court adopts the substantive facts of this case from its Order granting the preliminary injunction, (ECF No. 86). On February 19, 2020, the Court issued a temporary restraining order which restrained Defendants from

> Directly or indirectly soliciting . . . any [Plaintiff] customer who the Rechenmachers served or whose name become known to the Rechenmachers during their employment with [Plaintiff] and/or through their misappropriation of [Plaintiff]'s confidential and trade secret information. Solicit means to initiate any contact or communication, of any kind whatsoever, for the purpose of inviting, encouraging, or requesting any [Plaintiff] customer, to withdraw, curtail, or cancel any of its business or relations with [Plaintiff].

(ECF No. 26 at 3:6–13.) After full briefing and a hearing, the Court granted a similar preliminary injunction but further limited the injunction to only cover the list of identified clients provided by Plaintiff with some exceptions. (ECF No. 86.)

Plaintiff alleges Defendants solicited one of the companies on this list (the Company),[2] which the exceptions did not cover. The Company is one of Plaintiff's largest clients, and the Rechenmachers served this client while working for Plaintiff. (ECF No. 97 Ex. 1 at ¶ 4.) In December 2019, Defendant Steven Rechenmacher sent an email to Defendant Otodata's agents using his Plaintiff work email, which stated that the Company was "one of my first sales for" Plaintiff. (ECF No. 97 Ex. 3.) Plaintiff learned that Defendant Otodata had recently offered the Company a "trade-in" deal, where Defendant Otodata would provide a discount for its devices if the Company would provide them with Plaintiff's devices. (ECF No. 97 Ex. 1 at ¶ 5.) The Company "effectively stopped purchasing" Plaintiff's devices by March 5, 2020 and a few weeks later, "cancel[ed] service for certain Plaintiff products . . . that were soon to be obsolete." (*Id.* at ¶ 6.)

///

---

[2] The Court has sealed the Company's name, so the Court incorporates its name by reference.

Four days before the Rule 26(f) conference held on March 31, Plaintiff sent an "emergency" request to produce documentation regarding the communications between the Company and Defendants within thirty days (which would have been April 27). (ECF No. 97 Ex. 5.) Defendants declined stating, "Your demand that Defendants agree to some unnecessary 'emergency' discovery related to [the Company] is rejected." (ECF No. 97 Ex. 6.) On the same day, they filed a motion to limit the scope of the preliminary injunction seeking to remove the Company (among other clients) from the injunction. (ECF No. 90.) Then, again at the Rule 26(f) conference, Defendants declined to comply with the discovery request, "but noted that [Defendants were] not opposed to discovery into [the Company] generally." (ECF No. 97 Ex. 1 at ¶ 19.)

Defendants claim that their responses merely amounted to a denial to comply with the request on an emergency basis. (ECF No. 104 at ¶ 2.) According to them, Plaintiff should not have issued the request until after the Rule 26(f) conference, which occurred four days later. (*Id.* at ¶ 1.) Thus, Defendants do not contend that they should not respond to the request but that they are entitled to three extra days to do so, from April 27 to April 30. (*Id.* at ¶ 1–2.) However, the denial in Defendants' letter was ambiguous and never explicitly stated that they would respond to the request. (ECF No. 97 Ex. 6.)

Even with Defendant's agreeing to respond or object by April 30, the parties have not resolved this issue and continue to argue over the three-day difference in the deadline. These facts do not constitute an emergency requiring the Court to expedite discovery by three days. The Court reminds the parties that they should "engage in two-way communication . . . to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Thus, the Court denies the motion in that regard—nevertheless, Defendants must still respond or object to the request to produce, (ECF No. 97 Ex. 5), by April 30, 2020.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Defendants' Response to Emergency Requests for Production (ECF No. 96) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDER that Plaintiff's Motion to Seal (ECF No. 97) is GRANTED.

IT IS FURTHER ORDER that Defendants' Motion to Seal (ECF No. 103) is GRANTED.

IT IS FURTHER ORDER that Plaintiff's Motion to Seal (ECF No. 106) is GRANTED.

IT IS SO ORDERED.

Dated: May 4, 2020.

_____
ROBERT C. JONES
United States District Judge