LEIGH T. GODDARD, NV Bar #6315
McDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
lgoddard@mcdonaldcarano.com

JAMES C. DUGAN (admitted *pro hac vice*)
JORDAN C. WALL (admitted *pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000 Telephone
jdugan@willkie.com
jwall@willkie.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INDEPENDENT TECHNOLOGIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>OTODATA WIRELESS NETWORK, INC., STEVEN RECHENMACHER, and BRIAN RECHENMACHER,<br><br>Defendants. | Case No. 3:20-cv-00072<br><br>STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

1. PURPOSE

   This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

2. COOPERATION

   The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter.

3. LIAISON

   The parties have identified liaisons to each other who are and will be

knowledgeable about and responsible for discussing their respective ESI.  For the plaintiff, the liaison is James C. Dugan.  For the defendants, the liaison is Stephen S. Smith.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) To the extent it currently exists, only ESI created or received after April 1, 2019 through April 30, 2020 will be preserved;

b) The parties have exchanged a list of the general job titles or descriptions of custodians, for whom they believe ESI should be preserved:

The types/sources of ESI the parties believe should be preserved are as follows: work email servers and accounts, work desktops/laptops, shared and personal work folders, home or personal email servers and accounts (including, but not limited to, accounts at advacts.com), home or personal desktops/laptops, mobile data, text messages, instant messaging, and cloud storage identified by the ESI custodians in consultation with counsel for that party.

For plaintiff, the list of custodians is: (1) Chet Reshamwala, (2) Eric Duckworth, (3) Brad Anderson, (4) Steven Rechenmacher and (5) Brian Rechenmacher.  Plaintiff additionally agrees to obtain documents from the salesperson(s) primarily responsible for customer accounts that it alleges Defendants wrongfully solicited.

For defendants, the list of custodians is: (1) Andre Boulay, (2) Sean Hughes, (3) Steven Rechenmacher,(4) Brian Rechenmacher, (5) Jason Gallovich, (6) Rita Pecilunas, (7) David Dodd, and (8) David Tedeschi.  The parties shall add or remove custodians as reasonably necessary;

c) The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:  backup media of email and document management systems, systems no longer in use that cannot be accessed.

5. SEARCH

The parties have meet and conferred in responding to their respective initial Fed. R. Civ. P. 34 request, and agree to meet and confer further, if necessary, about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

6. PRODUCTION FORMATS

The Parties have reached the following agreements regarding the form(s) of production:

a. **Format**.  All relevant, responsive and non-privileged Documents shall be produced as follows:

(i) To the extent one form of a Document is produced, it need not be produced in another form; however, the Parties reserve the right to request native files for any document that is unreadable or has limited accessibility in the Group IV TIF format (e.g., color documents or databases).

(ii) Microsoft Excel files or other spreadsheet file types, Microsoft PowerPoint presentations, and audio and video media files shall be produced in their

native formats with links referenced in the "NativePath" field as described below. Natively produced documents will be accompanied by a TIFF image slip sheet indicating that the document was produced natively.

(iii) To the extent any specialized software is required to allow a Document to be read, interpreted, or translated into usable form, such software shall also be produced or such Documents shall be converted into reasonably usable forms for production.

(iv) Non-electronic Documents shall be scanned into a static-image format with searchable text as specified herein.

(v) Images shall be produced as single-page CCITT Group IV TIFF files in 300 dpi with an IPRO.LFP reference file containing document (D) and child (C) identifiers. Each TIFF image shall have a unique, sequential identifying number which is the Bates number of the page.

(vi) A standard Concordance .DAT load file shall be provided containing all metadata fields specified below. The Concordance data files shall be delimited by the Concordance default format delimiters, e.g., ASCII 020 (for comma), 254 (þ for quote), and 174 (® for newline).

(vii) Document text shall be provided in a multipage .TXT file for each document, using extracted text for electronic data and OCR for scanned, non-electronic documents. Each .TXT file shall be named per the ProdBeg value for each Document and delivered in a folder named Text.

(viii) Native files shall be named per the ProdBeg value for each document and delivered in a folder named Natives.

(ix) In the event a Document is encrypted, password-protected, or otherwise

protected from third-party access, the Parties shall, to the fullest extent possible, decrypt or unlock such Documents.

(x) In producing Documents, if an identical Document appears in more than one person's files, you must either (1) produce each copy of the Document, or (2) provide the names of each custodian delimited by commas in an additional "All Custodians" metadata field within the Concordance load file.

b. **Metadata fields**.  The parties are obligated to provide the following metadata for all ESI produced, to the extent such metadata exists:

| *METADATA FIELDS FOR ALL ELECTRONIC DOCUMENTS* | |
|---|---|
| **ProdBeg** | First bates number of email or document |
| **ProdEnd** | Last bates number of email or document |
| **ProdBegAttach** | First bates number of attachment(s) |
| **ProdEndAttach** | Last bates number of attachment(s) |
| **Custodian** | |
| **File_Extension** | |
| **MD5Hash** | |
| **FilePath** | Starting with container name (PST or NSF) through mailbox folder name - format example: Outlook PST\Inbox\Important |
| **Record Type** | Populated with Email, Attachment, or Loose File |
| **NativePath** | Relative path to native file if provided in production |
| **TextPath** | Relative path to document text/OCR file if provided in production |

| *ADDITIONAL METADATA FIELDS FOR EMAIL* | |
|---|---|
| **SentDate** | Format yyyymmdd |
| **SentTime** | Format hh:mm:ss |
| **ReceivedDate** | Format yyyymmdd |
| **ReceivedTime** | Format hh:mm:ss |
| **From** | |
| **To** | |
| **CC** | |
| **BCC** | |
| **Subject** | |
| **ThreadID** | Email thread identification value (Conversation Index or other identifier) |
| **Attachment Names** | File names of attached documents |
| **Num_Attachments** | Number of attached documents |

| *ADDITIONAL METADATA FIELDS FOR ALL ELECTRONIC DOCUMENTS OTHER THAN EMAIL* | |
|---|---|
| **Author** | |
| **CreateDate** | Format yyyymmdd |
| **CreateTime** | Format hh:mm:ss |
| **ModDate** | Format yyyymmdd |
| **ModTime** | Format hh:mm:ss |
| **DocTitle** | |
| **FileName** | |
| **FileSize** | |

    c.    **Redactions**. Any producing party may use redactions to protect attorney-client or attorney work product privileges. The parties further agree that documents may be redacted for relevance if a portion of a document relates to subject matter that is not relevant to this lawsuit. All redactions should be readily identifiable, for example including the word "REDACTED" over the redacted information.

    d.    **Manner of production**. Subject to the provisions of this Order, the manner of ESI in this litigation is to be governed by Federal Rule of Civil Procedure 34(b)(2)(E). The production of any requested responsive and non-privileged ESI shall take place through a rolling production process and shall be completed in accordance with the Scheduling Order (ECF No. TBD). Productions shall be sent via Secure File

Transfer, or other form agreed upon by the parties.

e. **De-duplication**. Each party shall be permitted to use electronic horizontal and/or vertical de-duplication software to eliminate multiple copies of identical documents (including e-mails).

8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties have agreed in the Parties' Stipulated Protective Order (ECF No. 25 at paragraph 11) upon a claw back process pursuant to Fed. R. Civ. P. 26(b)(5).

c) Communications involving outside counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

//
//
//
//
//
//
//
//
//

9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: September 17, 2020.

| | |
|---|---|
| By:/s/ Stephen S. Smith<br>STEPHEN S. SMITH, Esq.<br>Admitted Pro Hac Vice<br>303 North Glenoaks Blvd, Suite 200<br>Burbank, CA 91502<br><br>Matthew D. Francis<br>Arthur A. Zorio<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>5371 Kietzke Lane<br>Reno, Nevada 89611<br><br>*Attorneys for Defendants Otodata Wireless Network, Inc., Steven Rechenmacher, and Brian Rechenmacher* | By: /s/ Leigh T. Goddard<br>LEIGH T. GODDARD, Esq.<br>Nevada Bar No. 6315<br>McDONALD CARANO, LLP<br>100 W. Liberty St., Tenth Floor<br>Reno, Nevada 89501<br>Telephone: (775) 788-2000<br><br>James C. Dugan (admitted *pro hac vice*)<br>Jordan C. Wall (admitted *pro hac vice*)<br>WILLKIE FARR & GALLAGHER LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 728-8000<br>jdugan@willkie.com<br>jwall@willkie.com<br><br>*Attorneys for Independent Technologies, LLC d/b/a Anova* |

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: September 18, 2020

4845-5764-0651, v. 1